# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MELINDA MITCHELL**                                **CIVIL ACTION**

**VERSUS**                                          **NO. 13-820-JWD-RLB**

**UNIVERSITY OF LOUISIANA SYSTEM,
UNIVERSITY OF LOUISIANA AT MONROE**

## ORDER

Before the court are the University of Louisiana System's ("Defendant") Motion and Incorporated Memorandum for Extension of Discovery Deadline in Accordance with FRCP Rule 16 filed on January 29, 2015 (R. Doc. 18) and Defendant's Amended Motion for Extension of Discovery Deadline in Accordance with FRCP Rule 16 filed on February 2, 2015 (R. Doc. 23). Melinda Mitchell ("Plaintiff") filed an Opposition.  (R. Doc. 30).  Defendant filed a Reply.  (R. Doc. 40).  Defendant has also filed a Motion for Leave to File Supplemental Brief in Support of Defendant's Motion to Compel.  (R. Doc. 48).

Also before the court is Defendant's Motion to Compel Discovery Responses and for Discovery Sanctions Pursuant to FRCP 26, 33 and 34 and Incorporated Memorandum.  (R. Doc. 21).  Plaintiff filed an Opposition.  (R. Doc. 28).  Defendant filed a Reply.  (R. Doc. 42).

Also before the court is Defendant's Motion for Leave to Retake the Deposition of Plaintiff and Motion to Increase the Time Permitted for Plaintiff's Deposition.  (R. Doc. 19).  Plaintiff filed an Opposition.  (R. Doc. 29).  Defendant filed a Reply. (R. Doc. 38).

Because these discovery motions are interrelated, the court considers them together in this consolidated order.   The court held oral argument on the foregoing discovery motions on April 1, 2015.

# I.    Background

This is an employment discrimination and reprisal/retaliation action.  In her Petition, Plaintiff alleges that she was hired by the Defendant as a "Programmer/Data Analyst" in January of 2008.  (R. Doc. 1-2).  Plaintiff alleges that in or about late 2012, she applied for a position as Executive Director but was not selected based upon her age and race, and after filing a complaint with Defendant's Human Resources Director, was subsequently moved to a new position with increased duties but no increase in salary.  (R. Doc. 1-2).  Defendant removed the action on December 23, 2013.  (R. Doc. 1).  Based on a proposed deadline suggested by the Defendant (R. Doc. 13 at 4), the court entered a scheduling order on March 26, 2014 setting the deadline to complete all discovery except experts on February 2, 2015.  (R. Doc. 14).

On April 15, 2014, Plaintiff provided Defendant with her initial disclosures along with several documents on a disk.  (R. Doc. 29-1).  At oral argument, plaintiff's counsel explained that the initial disclosures included handwritten notes by Plaintiff of certain conversations with various co-workers.  In addition to these notes, Plaintiff also recorded some or all of those same conversations.  Plaintiff's counsel represented that she was not aware of the existence of the underlying recordings until January 25, 2015, when Plaintiff identified the recordings as potentially useful for the purpose of impeaching the deposition testimony of some of her former coworkers.

The record suggests, and oral argument confirmed, that Defendant did not begin conducting discovery until approximately one month prior to the discovery deadline.  On December 31, 2014, Defendant propounded Interrogatories and Requests for Production on the Plaintiff by fax, email, and mail. (R. Doc. 21-2 at 24).  Plaintiff represents that in light of the New Year holiday, her counsel did not review the fax and mailed copies until January 5, 2015.

(R. Doc. 28 at 2). Plaintiff is silent with regard to when her counsel viewed the copy sent by email on December 31, 2014. (*See* R. Doc. 21-2 at 26).

On January 9, 2015, Defendant noticed Plaintiff's deposition to take place at defense counsel's office on January 28, 2015, and the parties subsequently agreed that the deposition would take place on January 27, 2015. (R. Doc. 19 at 1). After an approximately 1.5 hour delay caused by a dispute over its location,[1] Plaintiff's deposition took place at defense counsel's office and lasted 5 hours, 17 minutes. (R. Doc. 19 at 2). There is no indication in the record that the delay in the commencement of the deposition was the reason why the deposition did not last the full 7 hours. Plaintiff represents that defense counsel rested and Plaintiff's counsel concluded the deposition with limited questioning. (R. Doc. 28 at 1-2).

On January 29, 2015, Defendant filed its original motion for extension of the discovery deadline and requested a 60-day extension of the fact discovery deadline set for February 2, 2015. (R. Doc. 18). Defendant represented that it needed this extension (1) to conduct the deposition of Ruslan Hemed, a non-party witness that Plaintiff released on the morning of his scheduled deposition on January 22, 2015; (2) to review one terabyte of data that Plaintiff's counsel stated would be produced later that day; and (3) to conduct additional discovery "without limitation" including seeking supplemental discovery responses, conducting additional depositions, and filing additional discovery motions. (R. Doc. 18 at 2-3).

Later that same day, Plaintiff provided Defendant with the promised one terabyte of data (which consists of 1,976 audio recordings indexed by date and time) on a hard drive. (R. Doc. 19 at 2; R. Doc. 28 at 2-3; R. Doc. 42-1 at 1-31). At oral argument, plaintiff's counsel stated that

---

[1] Plaintiff does not dispute that the deposition notice indicated that the deposition would take place in defense counsel's office. (R. Doc. 28 at 1). Plaintiff notes, however, that she "originally submitted" that the deposition should take place as at her counsel's office prior to being served the Notice of Deposition. (R. Doc. 28 at 1; *see* R. Doc 28-1 at 1-6).

she requested Plaintiff to provide all audio recordings she had in her possession after Plaintiff informed her of their existence on January 25, 2015.  Plaintiff's counsel stated that she produced all of these audio files without prior review to ensure she responded in full to Defendant's discovery requests.

On January 30, 2015, Plaintiff produced a binder containing 600-700 documents with an accompanying index of those documents.  (R. Doc. 19 at 2; R. Doc. 28 at 2; R. Doc. 28-1 at 9-14).

At approximately 2:00 p.m. on February 2, 2015, Plaintiff provided written responses to Defendant's Interrogatories by hand delivery.  (R. Doc. 28 at 7; R. Doc. 21-9).  Plaintiff's counsel provided a certificate of service and her Rule 26(g) signature at approximately 4:00 p.m. by fax (R. Doc. 28 at 7; R. Doc. 21-9 at 15).

At approximately 7:00 p.m. on February 2, 2015, Defendant filed three additional discovery motions.  (R. Docs. 19, 21, and 23).  Having received the promised one terabyte of data from Plaintiff, Defendant filed its amended motion for extension of the discovery deadline to seek a 120-day extension of the fact discovery deadline to provide it with an opportunity to review the data on the hard drive.  (R. Doc. 23 at 2).  In light of Plaintiff's productions, Defendant also seeks to retake the deposition of Plaintiff to question Plaintiff on discovery received after Plaintiff's deposition took place on January 27, 2015.  (R. Doc. 19).  Finally, Defendant has moved to compel complete answers to its written discovery, characterizing certain responses by Plaintiff as "document dumps" and seeking discovery sanctions.  (R. Doc. 21).

On February 10, 2015, Plaintiff provided written responses to Defendant's Request for Production of Documents.  (R. Doc. 28-1 at 16-41).  At oral argument, plaintiff's counsel conceded this response was untimely.

## II. Law and Analysis

### A. Defendant's Motion to Compel and for Discovery Sanctions

#### 1. Legal Standards

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." To be relevant, "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery is not without limits, however, and the court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "If the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### 2. Timeliness of Plaintiff's Discovery Responses

A preliminary issue raised by Defendant's Motion to Compel and central to Defendant's other motions is whether Plaintiff timely responded to Defendant's written discovery. Defendant faxed, emailed, and mailed the written discovery to Plaintiff on December 31, 2014. (R. Doc. 21-2 at 24). Plaintiff represents that her counsel first received the fax and mailed copy on January 5, 2015, the Monday after Plaintiff's counsel returned from the holiday weekend. (R. Doc. 28 at 2).

Defendant argues that the deadline to respond to this written discovery was January 30, 2015 in accordance with Rules 33 and 34. (R. Doc. 21 at 5). In contrast, Plaintiff argues that the deadline to respond to written discovery was February 2, 2015 under the theory that January 1, 2015 (a legal holiday) should be excluded from the calculation of the time to respond. (R. Doc. 28 at 2).

Resolution of this issue requires analysis of Rules 5 and 6 of the Federal Rules of Civil Procedure, which respectively govern manners of service and computation of time. Defendant propounded the written discovery at issue by mail (which is governed by Rule 5(b)(2)(C)), by email (which is governed by Rule 5(b)(2)(E)), and by fax (which is governed by Rule 5(b)(2)(E) or Rule 5(b)(2)(F)).[2] There is no evidence before the court that Plaintiff or her counsel agreed to service by e-mail or fax as required by Rule 5(b)(2)(E) or Rule 5(b)(2)(F). Accordingly, the court need only consider service by mail, which is effective "upon mailing" of the written discovery. Fed. R. Civ. P. 5(b)(2)(C). Counting from the first day after service (January 1, 2015), the period for responding would expire on Friday, January 30, 2015. *See* Fed. R. Civ. P. 6(a).[3] Where service is by mail (or, for that matter, "by electronic means" or "by other means"), the recipient of the discovery is provided with an additional 3 days to respond after "the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Plaintiff's responses to written discovery were therefore due on Monday, February 2, 2015, the deadline to complete discovery.[4]

Based on the foregoing, Plaintiff's production of documents (on January 29-30, 2015) and written responses to Defendant's Interrogatories (on February 2, 2015) were timely. Plaintiff's written responses to Defendant's Requests for Production provided on February 10, 2015 were untimely.

---

[2] The Fifth Circuit has stated that service by fax requires "consent" (and therefore does not constitute service by mail), but does not appear to have specifically held whether service by fax is "by electronic means" or "by other means." *See Resendiz v. Dretke*, 452 F.3d 356, 360 n.2 (5th Cir. 2006); *see also Salley v. Bd. of Governors, Univ. of N. Carolina, Chapel Hill, N.C.*, 136 F.R.D. 417, 419 (M.D.N.C. 1991) ("A fax transmission may not be deemed service by mail."). The court need not resolve this issue for the purpose of this motion because the analysis would not change even if service by fax was effective.

[3] When the period is stated in days, the day of service is not counted and (contrary to Plaintiff's suggestion) intermediate Saturdays, Sundays, and legal holidays are counted. Fed. R. Civ. P. 6(a)(1)(A)-(B).

[4] Because this additional 3-day period would apply to any method of service attempted by Defendant, the deadline to respond would be the same even if all three methods were valid.

### 3. Defendant's Rule 37(a)(1) Certification

The court must also address, as a preliminary matter, whether prior to bringing its motion the Defendant "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Defense counsel certifies that she conferred with Plaintiff's counsel "regarding the production of plaintiff's responses to interrogatories and requests for production in accordance with Rule 37(a)(1)." (R. Doc. 21 at 4). Defense counsel further represents that she "also attempted to confer with counsel by telephone several times on Friday, January 30, 2015 and Monday, February 2, 2015 regarding the voluminous nature of the audio recordings, the documents produced, contents thereof and the witnesses identified" but was unable to reach Plaintiff's counsel prior to filing its Motion to Compel. (R. Doc. 21 at 4).

Plaintiff argues that Defendant did not hold a proper Rule 37 conference prior to filing its Motion to Compel. (R. Doc. 28 at 3). In particular, Plaintiff represents that after she provided her timely written responses to Defendant's Interrogatories at approximately 2:00 p.m. on February 2, 2015, Defendant did not contact Plaintiff regarding those responses prior to filing its Motion to Compel at approximately 7:00 p.m. that evening. (R. Doc. 28 at 7).

Based on the record, the court concludes that Defendant did not conduct, or attempt to conduct, a Rule 37(a) conference in good faith prior to the filing of its Motion to Compel. That Defendant was unable to properly conduct a proper Rule 37(a) conference prior to filing its motion was its own doing. By waiting until December 31, 2014 to propound Interrogatories and Requests for Production, and thereby setting the response date on February 2, 2015—the same day that discovery motions were due—Defendant fashioned a situation where Plaintiff could timely respond to discovery requests and leave Defendant without any time to conduct a Rule

37(a) conference.  That Plaintiff provided her responses to interrogatories after 2:00 p.m. on February 2, 2015 is not evidence of "a deliberate attempt to 'jam' defendant, and strategically preclude defendant and its counsel from conducting a thorough review of the responses and [respond] appropriately."  (R. Doc. 21 at 5).  It is instead evidence of a timely discovery response.  Even though Plaintiff's written responses to Defendant's Requests for Production were ultimately provided after the February 2, 2015 deadline, Defendant filed its Motion to Compel prior to the actual deadline for Plaintiff to provide those responses.

Defendant's failure to conduct or attempt to conduct a proper Rule 37(a) conference prior to filing its Motion to Compel is grounds for denial.  *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014).  Defendant should have first met and conferred with Plaintiff and then, if the discovery issues could not be resolved between the parties, sought leave of court to file an untimely Motion to Compel.  Nevertheless, in light of Plaintiff's voluminous productions and untimely written discovery responses, the court will proceed to the merits of Defendant's Motion to Compel and consider Defendant's failure to conduct a proper Rule 37(a) conference when determining whether to award any sanctions.

### 4.    Plaintiff's Responses to Defendant's Requests for Production of Documents

Defendant propounded 42 Requests for Production on Plaintiff.  (R. Doc. 21-2 at 13-24). Defendant characterizes Plaintiff's productions of the "binder" documents and audio files as "document dumps" because they were not properly indexed and do not identify the requests to which they were responsive.  (R. Doc. 21 at 12-15).   Defendant argues that the "binder" documents are not organized at a level that would allow Defendant to locate responsive and relevant documents in the absence of written responses.  (R. Doc. 21 at 14).  Defendant similarly

argues that the production of one terabyte of audio recordings impermissibly shifts the cost of reviewing and locating relevant and responsive recordings on Defendant. (R. Doc. 21 at 14).

At the heart of Defendant's complaints is the fact that Plaintiff provided untimely written responses to Defendant's Requests for Production on February 10, 2015. (R. Doc. 28-1 at 16-41). Plaintiff's untimely written responses identify the specific "binder" documents responsive to each request. Furthermore, Plaintiff's untimely written responses clarify that the one terabyte of audio files were not produced in response to any particular document request.[5] Although untimely, the court finds no basis to exclude these written responses from discovery or award expenses related to this late provision of written responses.[6]

That said, the court acknowledges that Plaintiff's previous positions regarding the audio files and untimely provision of its written responses has caused confusion. Defense counsel represented at oral argument that at the beginning of Plaintiff's deposition, plaintiff's counsel stated that Plaintiff was going to supplement her initial discovery responses. Considering that Plaintiff had only provided her initial disclosures by the time of her deposition, it was reasonable for defense counsel to interpret this representation to mean that Plaintiff was providing documents to supplement her initial disclosures. Similarly, prior to the filing of Defendant's Motion to Compel, plaintiff's counsel represented to defense counsel that "[t]he hard drive and the documents delivered to [defense counsel's] office on Friday were in response to

---

[5] Plaintiff represents that the audio recordings were not responsive to any of the Defendant's Requests for Documents. (R. Doc. 28 at 2-3). Instead, Plaintiff represents that the audio recordings were provided in conjunction to Plaintiff's responses to Interrogatory Nos. 5, 9, 13, 14, 15, 17, 18, 19, 21, 22, and 23. (R. Doc. 28 at 3). This issue is discussed below.

[6] Generally, where discovery responses are provided after the filing of a motion to compel, the court must awarded expenses. Fed. R. Civ. P. 37(a)(5)(A). Where the "movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," however, "the court must not order" an award of expenses. Fed. R. Civ. P. 37(a)(5)(A)(i).

[Defendant's] request for production." (R. Doc. 21-7). While the hard drive with audio files was actually provided on Thursday, January 29, 2015 (R. Doc. 19 at 2), this communication plainly suggested to defense counsel that the audio files were responsive to its Requests for Production as opposed to being provided to supplement responses to Interrogatories. Accordingly, at the time it filed its Motion to Compel, Defendant was reasonably under the impression that the audio files were responsive to its Requests for Production or were a supplement to initial disclosures. The court will take this confusion created by Plaintiff's counsel into consideration in determining whether to grant Defendant an extension to file motions with regard to its Requests for Production.

Finally, in its Reply, Defendant has identified twenty entries in the index provided with the "binder" documents (Nos. 1, 6, 7, 8, 13, 14, 15, 19, 20, 22, 23, 44, 57, 61, 70, 72, 73, 75, 78, and 79) that Defendant alleges represent documents that were neither produced with Plaintiff's initial disclosures or with Plaintiff's production on January 30, 2015. (R. Doc. 42 at 6-7). Plaintiff's counsel represented at oral argument that all of these documents had been produced in the binder. Plaintiff's counsel explained that the binder has ten tabs and the responsive documents fall somewhere within those tabs. Plaintiff's counsel also represented that at least some of these documents were produced with Plaintiff's initial disclosures in April of 2014 because Defendant used those documents at Plaintiff's deposition on January 27, 2015.

As discussed further below, the court will grant Defendants additional time to review Plaintiff's discovery responses and to file any additional motions related to Defendant's Requests for Production. Prior to the filing of any additional motion to compel, Defendant must meet and confer with Plaintiff on any issues raised by the Requests for Production and, only after a proper Rule 37(a) conference is conducted, file any additional appropriate motion within the additional

time allowed.  The conference shall specifically address any disputed issues regarding the production of the aforementioned 20 entries.

### 5.    Plaintiff's Responses to Defendant's Interrogatories

Defendant argues that Plaintiff's responses to its interrogatories "were deficient insofar as several responses were, in fact, non-responsive to the request; contained inappropriate statements regarding undersigned counsel that are neither accurate nor relevant to this matter; and the extremely voluminous list of trial witnesses consisted of a 'witness document dump.'" (R. Doc. 21 at 3).  Defendant requests the court to order "Plaintiff to supplement her written responses to Interrogatories to provide responsive answers thereto" and to "strike Plaintiff's response to Interrogatory No. 19, and direct Plaintiff to provide a responsive answer thereto."  (R. Doc. 21 at 3).

In her response, Plaintiff asserts that the one terabyte of audio files was produced specifically in response to Interrogatory Nos. 5, 9, 13, 14, 15, 17, 18, 19, 21, 22, and 23.  (R. Doc. 28 at 2-4).  Plaintiff asserts that in these interrogatory responses, she "identified very specific conversations which are easily found on the produced hard drive by date and time, as indexed on the hard drive."  (R. Doc. 28 at 3).  Plaintiff further represents that "each recording is separately labeled by date and time and, in numerous instances even catalogued by who was speaking in the conversation."  (R. Doc. 28 at 3).  Plaintiff further states that only Interrogatory No. 5 seeks any "recordings" at all.  (R. Doc. 28 at 4).

Interrogatory No. 5, and the corresponding response, are as follows:

**<u>INTERROGATORY NO. 5:</u>**

If any statements, recordings, or video tape have been taken from/of any witnesses or persons concerning the facts of or damages referenced in the Petition, please state the date and place each statement, recording, or video was taken, the name and address of the party having custody of each statement,

recording, or video and subject, person(s) taking and any/all person(s) present
when each statement, recording, or video was taken.

**ANSWER TO INTERROGATORY NO. 5:**

Investigator meeting with Robert Hanser and Mkay Bonner concerning age
discrimination complaint was recorded on March 27, 2013 in SUB 163, ULM.
Persons present: Robert Hanser, MKay Bonner and Melinda Mitchell.

Investigator meeting with Robert Hanser and MKay Bonner concerning
retaliation complaint was recorded on July 22, 2013 in SUB 163, ULM. Persons
present: Robert Hanser, MKay Bonner and Melinda Mitchell.

Recordings from January 2013 to December 2014. ULM campus, multiple
locations. Multiple persons present.

(R. Doc. 21-2 at 6; R. Doc. 21-9 at 3). Plaintiff's response references the entire audio file

production as responsive to Interrogatory No. 5. At oral argument, plaintiff's counsel informed

the court that she did not learn of the audio recordings until January 25, 2015 when Plaintiff

informed her that the recordings could be useful to contradict certain statements made by third

parties at their depositions. Plaintiff's counsel represents that because the audio recordings

would only be used for impeachment purposes, they did not need to be provided in Plaintiff's

initial disclosures pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and

are not a supplemental to those initial disclosures.

The court has also reviewed Plaintiff's response to Interrogatory Nos. 9, 13, 14, 15, 17,

18, 19, 21, 22, and 23 in conjunction with the screenshots of the audio file index screenshots

provided by Defendant.[7] To the extent Plaintiff references specific conversations in those

responses, Defendant should be able to locate with relative ease the corresponding audio file in

---

[7] Plaintiff provided an example screen shot of this index. (R. Doc. 28-1 at 15). Defendant provided
complete screen shots to demonstrate that the indexing was not as detailed as suggested by Plaintiff. (R.
Doc. 42-1 at 1-31).

13

the production.  Furthermore, Defendant has not raised any issue with regard to Plaintiff's response to Interrogatory Nos. 13, 17, 18, 21, 22, 22, and 23 in its Motion to Compel.[8]

The court will now address the specific interrogatories responses and issues raised in Defendant's Motion to Compel.

## A.  Interrogatory Nos. 1-3

Defendant's Interrogatory Nos. 1-3 requests Plaintiff to identify anticipated fact and expert witnesses that may be called at trial, including identifying the anticipated substances of testimony.  (R. Doc. 21-2 at 5).  In response, Plaintiff stated "Witness List (attached)."  (R. Doc. 21-9 at 2).  The witness list provided by Plaintiff identifies 198 individuals (mostly employees or former employees of Defendant) by name, address, telephone number, email address, and salary for the identified potential witnesses, as well as detailed comments regarding the basis on which each individual may testify if called to testify.  (R. Docs. 21-10, 21-11).  Plaintiff represents that she provided the salaries for these individuals to provide possible comparators for her "age-disparate pay discrimination" claim.  (R. Doc. 28 at 8 n.13).

Defendant contends that Plaintiff's responses to Interrogatory Nos. 1 through 3 are non-responsive because they reference an attached witness list containing over 198 potential witnesses.  (R. Doc. 21 at 10).  Defendant argues that Plaintiff could not "reasonably anticipate" calling all of these persons as witnesses during the trial.  In short, Defendant would like this response narrowed to those witnesses which Plaintiff reasonably anticipates to call to trial.

---

[8] Defendant notes that it has reviewed 16 files that would appear to contain responsive information in light of the index and Plaintiff's interrogatory responses.  (R. Doc. 42 at 2).  Defendant has conventionally filed one audio file that appeared to be responsive to Interrogatory No. 22 but contained only music.  (R. Doc. 42, Ex. A-2).  Defendant now seeks to conventionally file additional audio recordings (including a comedy routine, music, a church service, and a call regarding a city zoning dispute) that obviously bear no relevance to the subject matter of this litigation.  (R. Doc. 48).  As stated at oral argument, the court will deny this motion as Defendant has already made the point that non-relevant material was produced with the hard drive of audio files.

Plaintiff's response to these interrogatories, while lengthy, is responsive. The "witness" list provided by Plaintiff is not a document dump. On the contrary, it is highly detailed and organized. Furthermore, these interrogatories request Plaintiff to identify potential witnesses and testimony. If this action goes to trial, the district court will likely require Plaintiff to provide a narrower witness list through an appropriate pre-trial order. The expansive information provided by Plaintiff at this time is a sufficient response to these discovery requests.

### B.    Interrogatory No. 4

Interrogatory No. 4 seeks Plaintiff to "state the author, recipient, date, length in pages, type, present custodian, and a brief synopsis of the contents of each and every document or thing, which you may introduce into evidence at the trial of this proceeding." (R. Doc. 21-2 at 5). In response, Plaintiff stated "Attached." (R. Doc. 21-9 at 3).

Plaintiff now explains that "Attached" broadly references the "binder" documents. (R. Doc. 28 at 9 n. 16). The court finds the reference to the "binder" documents to be responsive. The accompanying index identifies those documents by date, author, and brief description. By providing actual documents anticipated to be used as exhibits, and an index identifying those documents by date, author, and brief description, Plaintiff has fully responded to this interrogatory.

### C.    Interrogatory No. 9

Interrogatory No. 9 seeks Plaintiff to identify "each and every specific act of retaliation" by the Defendants, including identification of all individuals involved and other details of those acts. (R. Doc. 21-2 at 7). Plaintiff provided a detailed response to various acts and conversations. (R. Doc. 21-9 at 4-6). At the end of her response, Plaintiff states the following: "Documentation attached per Rule 34." (R. Doc. 21-9 at 6).

Plaintiff now explains that "Documentation attached per Rule 34" broadly references the "binder" documents and the audio files. (R. Doc. 28 at 9 n. 17). This reference to the documents is insufficient. Plaintiff must specifically identify which of the "binder" documents or audio files support the individual acts and conversations identified in the body of the interrogatory response. Furthermore Plaintiff's reference to Rule 34 in the context of responding to an interrogatory is unclear. To the extent Plaintiff is relying on Rule 33(d) by providing documents in lieu of a written response, Plaintiff must state so.

### D.  Interrogatory No. 10

Interrogatory No. 10 seeks Plaintiff to identify all instances where she "filed a charge, testified, assisted or participated in any investigation or proceeding pursuant to an employment discrimination statute" and to provide certain details regarding those charges. (R. Doc. 21-2 at 7). Plaintiff responded that "the May 14, 2013 EEOC Charge no 461-2013-01351, concerning age, race, sex and retaliation was filed in New Orleans, Louisiana office pertaining to this age discrimination complaint." (R. Doc. 21-9 at 6).

Defendant asserts that Plaintiff's response to Interrogatory No. 10 is non-responsive because it merely references her EEOC charge. The court agrees that the response is insufficient. Plaintiff must confirm for Defendant that this is the only "investigation pursuant to an employment discrimination statute" that she has been involved in through testifying, assisting and/or participating in any way. Plaintiff need not provide any additional details regarding EEOC Charge no. 461-2013-01351 as that charge concerns the instant case, the underlying facts of which Defendant is fully aware.

### E.     Interrogatory No. 14

Interrogatory No. 14 seeks Plaintiff to "identify any and all training that [Plaintiff] provided to Ruslan Hemed upon his hiring as Executive Director" and to provide specifics regarding this training.  (R. Doc. 21-2 at 8).  Defendant asserts that Plaintiff's response to Interrogatory No. 14 is non-responsive "insofar as it does not identify the training plaintiff provided to Ruslan Hemed."  (R. Doc. 21 at 11).  The response provided that Plaintiff was asked to train Mr. Hemed but does not discuss any actual training provided.  (R. Doc. 21-9 at 8). The court agrees that the response is insufficient.  Plaintiff shall provide a responsive answer within the time allowed by this Order.

### F.     Interrogatory No. 15

Interrogatory No. 15 requests Plaintiff to "identify any and all harassment that [Plaintiff] experienced during [her] training of Ruslan Hemed" including the relevant dates and individuals involved.  (R. Doc. 21-2 at 8).  Plaintiff responded by stating that she filed her age discrimination complaint on January 9, 2013 and filed her retaliation complaint on March 27, 2013 after she was informed by Mr. Hemed that he had been instructed by Stephen Richters to document everything sent to Plaintiff and everything Plaintiff did and said.  (R. Doc. 12-9 at 8).  Defendant provides no argument why Plaintiff's answer is non-responsive.  While Plaintiff's answer is responsive, it appears to be incomplete as it does not identify, as asked by Defendant, the individuals and dates involved in Plaintiff's claim of age harassment.  (R. Doc. 21-9 at 8).  To the extent necessary, Plaintiff shall supplement her response or indicate that she has fully responded.

### G.        Interrogatory No. 19

Interrogatory No. 19 requests Plaintiff to "[i]dentify any and all employees and/or representatives of the defendant to whom [Plaintiff] complained about the alleged unlawful employment practices based on race, age and/or retaliation."  (R. Doc. 21-2 at 9).  Plaintiff's response identifies certain individuals in response to this interrogatory.  (R. Doc. 21-9 at 11).  To the extent Plaintiff did not identify "all employees and/or representatives of the defendant" she must do so in a supplemental response or indicate that she has fully responded.

Defendant also requests to strike the third paragraph of Plaintiff's response to this interrogatory on the basis that it "contains inflammatory statements regarding undersigned counsel and therefore should be stricken."  (R. Doc. 21 at 11).  The court has reviewed the paragraph concerning defense counsel and finds it non-responsive and superfluous.  Defendant has not provided any legal grounds, however, on which the court may "strike" this discovery response.   That portion of the request is denied.

### H.        Interrogatory No. 20

Interrogatory No. 20 requests Plaintiff to "[i]dentify any and all employees and/or representatives of the defendant to whom [Plaintiff] complained about [her] transfer to the Computing Center position, the job duties of that position, the compensation associated with that position or any other aspect of [Plaintiff's] transfer from UPA to the Computing Center, either before or after the actual transfer."  (R. Doc. 21-2 at 10).  Plaintiff responded "[t]he more appropriate question is to ask how many people on campus came up to me to say that they had heard I was transferring to the computing center and knew the reasons behind my move."  (R. Doc. 21-9 at 11).

This statement is not responsive to the interrogatory. Plaintiff shall provide a responsive answer within the time allowed by this Order.

### I.     Interrogatory No. 25

Interrogatory No. 25 requests Plaintiff to "[p]rovide a detailed computation of damages claimed by [Plaintiff], including specific calculation and/or quantum for each of the following elements of damages. . . ." (R. Doc. 21-2 at 11). Plaintiff responded by listing eleven categories of damages, including several of those listed by Defendant (R. Doc. 21-9 at 13).

Although Plaintiff has identified categories of damages she seeks to recovery, she has not provided any calculations of damages, identified experts who would calculate those damages, or identified approximate amounts to be sought at trial. Plaintiff shall provide calculations for each category of damages identified by Defendant or explain why such calculation is not being provided.[9]

### 6.     Defendant's Request for Discovery Sanctions

Defendant argues that it is entitled to sanctions in light of Plaintiff's alleged violation of Rule 26(g)(3) of the Federal Rules of Civil Procedure. (R. Doc. 21 at 11-12). Plaintiff responds that sanctions are not warranted because Defendant did not make the required Rule 37 conference prior to filing its Motion to Compel and the form of Plaintiff's responses were proper and did not constitute document dumps. (R. Doc. 28 at 11-13).

Rule 26(g) requires an attorney to sign a discovery response and certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

---

[9] Moreover, Plaintiffs were obligated to provide a "computation of each category" of their alleged damages and to "make available for inspection and copying as under Rule 34 the documents . . . on which each computation is based" since the time initial disclosures were exchanged. Fed. R. Civ. P. 26(a)(1)(A)(iii). In her initial disclosures, Plaintiff stated that "she had not yet made this determination" but would "seek compensatory damages, attorney's fees, litigation expenses, legal interest, [and] equitable and/or injunctive relief." (R. Doc. 29-1 at 4). The court has not been provided with a supplemental initial disclosure identifying these amounts.

**(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)** with respect to a discovery request, response, or objection, it is:

> **(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> **(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1). "If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

Having considered the record and counsels' representations during oral argument, the court concludes that the Plaintiff's counsel did not violate Rule 26(g) with regard to certifying Plaintiff's discovery responses. Accordingly, the court will not award sanctions pursuant to Rule 26(g) and Rule 37.

**B.** **Defendant's Motion for Leave to Retake the Deposition of Plaintiff and Motion to Increase the Time Permitted for Plaintiff's Deposition**

Defendant requests to retake the Plaintiff's deposition in light of its receipt of written discovery responses and documents after the deposition took place. Defendant argues that it "was fully denied the opportunity to question Plaintiff" on Plaintiff's productions of documents on January 29 and 30, 2015, and Plaintiff's responses to interrogatories on February 2, 2015. (R. Doc. 19 at 2).

Defendant seeks leave to retake Plaintiff's deposition pursuant to Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure. In addition to the 7 hours that would be afforded to retake the deposition, Defendant requests an additional 3 hours for this purpose pursuant to Rule 30(d). Defendant argues that "a total of 10 hours . . . should present a sufficient timeframe" for re-deposing the Plaintiff. (R. Doc. 19 at 3).[10] Defendant claims that the Plaintiff will not be prejudiced if this relief is granted. (R. Doc. 19 at 7).

Defendant's requested relied is denied. That the Defendant missed the opportunity to question Plaintiff at her deposition on written discovery responses is the Defendant's own doing. Defendant waited until December 31, 2014 to propound Interrogatories and Requests for Production. Defendant then waited until January 9, 2015 to notice Plaintiff's deposition to take place on January 28, 2015 and then agreed to have the deposition take place on January 27, 2015.

Defendant requested the discovery deadline of February 2, 2015.[11] The court issued a Scheduling Order on March 26, 2014 setting this deadline. Defendant waited over nine months to propound written discovery and conduct depositions. Defendant had the opportunity to propound written discovery in a timely manner and afford itself time to review written discovery responses and seek supplemental responses prior to taking Plaintiff's deposition. That Defendant forfeited this opportunity is not good cause for granting the Defendant the opportunity to re-

---

[10] In its Reply, Defendant clarifies that it seeks a total of four hours and forty-three minutes to retake Plaintiff's deposition (based on the time "remaining" from the Plaintiff's original deposition and the additionally requested three hours). (R. Doc. 38 at 6-7).

[11] Defendant actually requested the discovery deadline to take place on February 1, 2015, a Sunday, which the court adjusted to February 2, 2015, a Monday.

depose the Plaintiff, much less provide Defendant an additional 3 hours to conduct such a deposition.[12]

Defendant and its counsel were, or should have been, fully aware that Plaintiff's deadline to respond to discovery pursuant to the Federal Rules of Civil Procedure would fall <u>after</u> the noticed deposition. Defendant was certainly not diligent in seeking written discovery or deposing the Plaintiff. By waiting until December 31, 2014—the last day that written discovery could be served to effectuate a timely response by the February 2, 2015 discovery deadline—Defendant left itself with no opportunity to receive written discovery responses prior to the Plaintiff's deposition.

Defendant has not identified any subject area or topics it was deprived of exploring at Plaintiff's deposition even if it had been provided the recordings prior to the deposition.[13] Defendant has conceded it did not conduct any discovery after receiving the initial disclosures until December 31, 2014. Because Defendant has not demonstrated good cause to allow a second deposition of Plaintiff, the court will not allow one to proceed.[14]

---

[12] Defendant represents that Plaintiff's counsel caused a 1.5 hour delay in starting Plaintiff's deposition, which ultimately took place and lasted 5 hours, 17 minutes. (R. Doc. 19 at 2). Defendant does not explain, however, why the deposition did not proceed for the full 7 hours. To be clear, Defendant has not sought time to "complete" the Plaintiff's deposition based on the information obtained by Defendant at the time of Plaintiff's deposition. In fact, Defendant represents that it "does ***not*** desire to depose Ms. Mitchell regarding any subject matter previously disclosed or documents previously produced in this matter" prior to the deposition. (R. Doc. 38 at 3) (emphasis in original). That Plaintiff's deposition did not last a full 7 hours has no bearing on whether Defendant has demonstrated good cause to allow a second deposition of Plaintiff based on information obtained after Plaintiff's original deposition.

[13] Defendant also argues that Plaintiff should have produced her audio recordings with her initial disclosures and under her duty to supplement her initial disclosures. (R. Doc. 38 at 4, 6). Plaintiff's counsel represented at oral argument, however, that the audio recordings will only be used for impeachment purposes, and are therefore not the subject of any initial disclosure obligation. If Plaintiff intends to use these recordings in a manner inconsistent with her disclosure obligations, she risks an ruling by the trial court regarding their admissibility.

[14] If, however, in light of the limited supplemental discovery required by this Order, Defendant thinks it can demonstrate good cause for reopening Plaintiff's deposition, Defendant may file another motion and the court will consider it at that time.

### C.    Defendant's Motions for Extension of Time to Complete Discovery

Defendant has filed two motions for extension of time to complete discovery.  In its original motion filed on January 29, 2015, Defendant requested a 60-day extension of the fact discovery deadline (1) to conduct the deposition of Ruslan Hemed, a non-party witness that the plaintiff released on the morning of his scheduled deposition on January 22, 2014; (2) to review one terabyte of data that plaintiff' counsel stated during Plaintiff's deposition that would be provided on January 29, 2015; and (3) to conduct additional discovery "without limitation" including seeking supplemental discovery responses, conducting additional depositions, and filing additional discovery motions.  (R. Doc. 18 at 2-3).  After receiving discovery responses from Plaintiff, Defendant filed its second motion for extension of time on February 29, 2015, through which Defendant now seeks a 120-day extension of the fact discovery deadline in light of the amount of data produced by Plaintiff.   (R. Doc. 23 at 2).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent.  The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  The scheduling order informed the parties that that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 6).

As discussed above, Defendant has not demonstrated that it acted with reasonable diligence in conducting written discovery or in scheduling Plaintiff's deposition. Furthermore, at oral argument, defense counsel could not identify any additional written discovery Defendant might wish to conduct. The court will not reopen discovery "without limitation" in light of Defendant's own delay in conducting discovery.

That said, the court finds that Defendant is entitled to an extension of the discovery deadline in two regards. First, the court will allow Defendant to notice and take the deposition of Ruslan Hemed within 30 days of this Order. On January 15, 2015, Plaintiff noticed the deposition of Mr. Hemed for January 22, 2015, but released him without taking his deposition. Having relied on Plaintiff's notice of Mr. Hemed's deposition, Defendant was not provided sufficient time to subpoena the deposition of Mr. Hemed pursuant to Rule 45. Defendant acted with reasonable diligence in filing its original motion on January 29, 2015, after realizing that it wanted its own opportunity to depose Mr. Hemed and was precluded from doing so by the discovery deadline. Accordingly, the court finds good cause for granting Defendant 30 days from the date of this Order to subpoena and take the deposition of Mr. Hemed.

Second, the court will allow Defendant additional time to review Plaintiff's written discovery responses to determine whether any additional discovery motions related to Defendant's Requests for Production is warranted. Defendant is entitled to such an extension in light of the Plaintiff's untimely February 10, 2015, responses to Defendant's Requests for Production. As the dispositive motion deadline is set for June 15, 2015, the court finds that providing Defendant with additional time to review Plaintiff's discovery responses and productions for the purpose of filing additional discovery motions, if necessary, will not interfere with the court's deadlines. Accordingly, the court will grant defendants an additional 30 days

from the date of this Order to file any additional discovery motions related to Plaintiff's responses to Defendant's Request for Production of Documents. To be clear, no extension is granted to conduct additional discovery or file any discovery motions that are unrelated to the sufficiency of Plaintiff's responses. No discovery motion permitted by this Order may be filed without a required Rule 37 conference on every specific matter at issue.

## III.    Conclusion

**IT IS ORDERED** that Defendant's Motion to Compel Discovery Responses and for Discovery Sanctions Pursuant to FRCP 26, 33 and 34 and Incorporated Memorandum (R. Doc. 21) is **GRANTED IN PART and DENIED IN PART.** Plaintiff shall supply Defendant with supplemental responses to Interrogatory Nos. 9, 10, 14, 15, 19, 20, and 25 as detailed in the body of this Order no later than **April 17, 2015**. Should Plaintiff fail to comply with this Order to supplement those responses, Defendant may file any appropriate motion pertaining to that failure. Defendant is granted leave to refile any additional discovery motion, if necessary, related to Plaintiff's late responses to its Requests for Production within the deadline set below. Defendant is not granted leave to file any additional discovery motions regarding Plaintiff's initial responses to Defendant's Interrogatories, or any other discovery matters not specifically addressed in this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Retake the Deposition of Plaintiff and Motion to Increase the Time Permitted for Plaintiff's Deposition (R. Doc. 19) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion and Incorporated Memorandum for Extension of Discovery Deadline in Accordance with FRCP Rule 16 filed on January 29, 2015 (R. Doc. 18) and Defendant's Amended Motion for Extension of Discovery Deadline in

Accordance with FRCP Rule 16 filed on February 2, 2015 (R. Doc. 23) are **GRANTED IN PART and DENIED IN PART**. Defendant is granted leave (1) to subpoena and take the deposition of Ruslan Hemed, and (2) to file any additional discovery motions related to Defendant's Requests for Production and Plaintiff's supplemental responses to Defendant's Interrogatory Nos. 9, 10, 14, 15, 19, 20, and 25, if necessary, on or before **May 8, 2015**. Defendant may not conduct any additional discovery.

 **IT IS FURTHER ORDERED** that Defendant has also filed a Motion for Leave to File Supplemental Brief in Support of Defendant's Motion to Compel (R. Doc. 48) is **DENIED** as moot for the reasons set forth above.

 Signed in Baton Rouge, Louisiana, on April 7, 2015.

     **RICHARD L. BOURGEOIS, JR.**
     **UNITED STATES MAGISTRATE JUDGE**